IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL LEINNEWEBER,

    Plaintiff,

v.                                                                  No. 14-cv-0578 WPL/SMV

LLOYD ASHTON,
DIANA ASHTON, and
GREAT AM. INS. CO.,

    Defendants.

## INITIAL SCHEDULING ORDER

    This case is assigned to me for scheduling, case management, discovery, and all non-dispositive motions. Both the Federal Rules of Civil Procedure, as amended, as well as the Local Rules of the Court apply to this lawsuit. Civility and professionalism will be required of counsel. Counsel shall read and comply with "A Lawyer's Creed of Professionalism of the State Bar of New Mexico."

    The parties have held a meet-and-confer session, [Doc. 22] at 1, and completed Initial Disclosures, [Docs. 15, 16, and 17]. The parties filed a Joint Status Report and Provisional Discovery Plan [Doc. 22] ("JSR") on November 3, 2014. Therefore, the Court will not set deadlines to hold a meet-and-confer session, complete Initial Disclosures, or file a JSR.

    A Rule 16 initial scheduling conference will be held by telephone on **December 18, 2014, at 10:00 a.m**. To connect to the proceedings, the parties shall call Judge Vidmar's Teleconference Line at **(215) 446-3656**, using code **4382538**. Counsel shall be prepared to discuss the following: discovery needs and scheduling, all claims and defenses, the use of

scientific evidence and whether a *Daubert* hearing is needed, *see Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 590–92 (1993), initial disclosures, and the timing of expert disclosures and reports under Fed R. Civ. P. 26(a)(2).[2]  We will also discuss settlement prospects, alternative dispute resolution possibilities, and consideration of consent pursuant to 28 U.S.C. § 636(c).  Client attendance is not required.

Generally, following the Rule 16 initial scheduling conference, the Court will issue a scheduling order outlining pertinent deadlines for the case.  Parties may not modify case management deadlines on their own.  Good cause must be shown and the Court's express and written approval obtained for any modification of the dates in the scheduling order that issues from the JSR.

Pre-trial practice in this case shall be in accordance with the foregoing.

**IT IS THEREFORE ORDERED** that the deadlines shall be as follows:

**Telephonic Rule 16 Initial Scheduling Conference:**      December 18, 2014,
                                                           at 10:00 a.m.

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**

---

[2] Counsel should be familiar with the Rule 26 requirements concerning disclosure of expert testimony for witnesses who do not provide a written report.  *See* Fed. R. Civ. P. 26(a)(2)(C).  Summary disclosures are, under certain circumstances, required of treating physicians.  *Farris v. Intel Corp.*, 493 F. Supp. 2d 1174, 1180 (D.N.M. 2007) (Treating physicians who do not submit Rule 26 expert reports may only testify "based on . . . personal knowledge and observations obtained during [the] course of care and treatment[.]"); *Blodgett v. United States*, No. 2:06-CV-00565 DAK, 2008 WL 1944011, at *5 (D. Utah May 1, 2008). ("[T]reating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient.").